**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

v.                                                    CRIMINAL ACTION NO. 2:25-cr-00107

TERREANCE JEROME WILDER

**MEMORANDUM OPINION & ORDER**

Pending before the court is Defendant's Motion to Reopen Detention Hearing, [ECF No. 38]. The Government responded, [ECF No. 43], and the court held a hearing on the motion. After carefully reviewing the parties' arguments, the Defendant's motion is **GRANTED**.

I.    **BACKGROUND**

On August 12, 2025, this court granted Defendant's Motion to Suppress because the Government conducted an unconstitutional *Terry* frisk, which revealed the firearm that is the subject of this 18 U.S.C. § 922(g) case. [ECF No. 34]. The Government filed a Notice of Appeal on August 13, 2025, regarding the suppression determination. [ECF No. 35]. In response to these events, Defendant filed this Motion to Reopen Detention Hearing, asserting there has been a substantial change in circumstances, and he should be released on bond. [ECF No. 38]. The court held a hearing on Defendant's motion on August 26, 2025.

Specifically, Defendant argues his detention hearing should be reopened or revoked due to suppression of the Government's evidence against him. [ECF No. 38, at 7, 9]. The Government responded, arguing Defendant is dangerous and presents a flight risk because of the nature of the presently charged crime, Defendant's criminal record, and Defendant's history of flight. [ECF No. 43]. The provisions of the Bail Reform Act are controlling as to the issues presented by the parties.

## II.    LEGAL STANDARD

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq*., states that "a person awaiting trial on a federal offense may either be released on personal recognizance or bond, conditionally released, or detained." Pretrial detention "is the carefully limited exception" in our society where "liberty is the norm." *United States v. Salerno*, 481 U.S. 739, 750 (1987). In addition, "doubts regarding the propriety of release are to be resolved in favor of the defendant." *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015) (citing *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985)).

Defendant asks this court to reopen his detention hearing, [ECF No. 38], as he was initially ordered detained pending trial on June 24, 2025. [ECF No. 18]. The Act provides that a detention hearing may be reopened "at any time before trial" if the court "finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue" of detention. 18 U.S.C. § 3142(f).

The Act permits a defendant to make this motion pending appeal of the United States. Section 3143(c) states that a "judicial officer shall treat a defendant in a case in which an appeal has been taken by the United States under section 3731 of this title, in accordance with section 3142 of this title." Therefore, reopening a detention hearing under § 3142(f) and § 3143(c) requires the court to assess the § 3142(g) factors.

Section 3142(g) lists the factors the court must consider in "determining whether there are conditions of release that will reasonably assure the appearance of the [Defendant] as required and the safety of any other person and the community." The factors include:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, . . . and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g)(1)–(4). It is "the special province of the trier of fact" to determine the weight to be assigned to each factor while courts must also "bear in mind that it is only a limited group of offenders who should be denied bail pending trial." *United States v. Shakur*, 817 F.2d 189, 195, 196 (2d Cir. 1987) (internal quotation marks omitted), *cert. denied*, 484 U.S. 840 (1987).

The government bears the burden of demonstrating the defendant presents either a flight risk or danger to others upon release that pretrial conditions cannot mitigate against. *United States v. Stewart*, 19 F. App'x. 46, 48 (4th Cir. 2001). The government must prove risk of flight by a preponderance of the evidence standard. *Id*. Clear and convincing evidence is required for the government to prove a defendant presents a danger and that no condition or combination of conditions can reasonably assure the safety of others. *Id*. at 48–49.

## III.    DISCUSSION

The appreciable tension this case presents is whether the Government can justify Defendant's continued pretrial detention during the Government's appeal, despite the Government's concession that its "central evidence" has been suppressed. [ECF No. 43, ¶ 3]. The Government is essentially requesting the court to detain Defendant for the duration of the Government's appeal, which could approach the term of a potential sentence, while there is scant remaining evidence to support a conviction of the charged offense. The permissibility of such a detention hinges on analysis of the § 3142(g) factors. After considering the statutory factors in light of the circumstances of this case, I find that the Government has not met its burden.

### A.   Defendant's Motion to Reopen is Proper

As a preliminary matter, Defendant's motion is properly before the court under the Bail Reform Act. Multiple courts have found the requisite new and material circumstances to justify reopening a detention hearing following orders granting or denying the suppression of evidence. *See United States v. Peralta*, 849 F.2d 625, 627 (D.C. Cir. 1988); *United States v. Ausby*, Cr. No. 72–67, 2019 WL 2452988, at *7 (D.D.C. June 11, 2019); *United States v. Shareef*, 907 F. Supp. 1481, 1483 (D. Kan. 1995); *United States v. Barner*, 743 F. Supp. 2d 225, 227 (W.D.N.Y. 2010).

At the hearing on Defendant's motion, Defendant also argued that pretrial detention should be revoked because the Government never proved it was entitled to a detention hearing as an initial matter under § 3142(f). I found the Government was entitled to a detention hearing because the charge against Defendant is felon in possession of a firearm, which is a qualifying offense under § 3142(f)(1)(E). Therefore, it is proper to proceed and consider the § 3142(g) factors to determine whether pretrial release is appropriate.

### B.   The § 3142(g) Factors

An order of pretrial detention requires a fact-intensive, case-by-case assessment of the factors. This is in recognition of "Congress's clear intent that only a limited number of defendants be subject to pretrial detention." *United States v. Tortora*, 922 F.2d 880, 884 (1st Cir. 1990). Importantly, the Act expressly states that "[n]othing in this section shall be construed as modifying or limiting the presumption of innocence." 18 U.S.C. § 3142(j). Accordingly, the § 3142(g) factors must be read and construed in consonance with a defendant's constitutional rights. *See Shareef*, 907 F. Supp. at 1485 ("When balancing the risks to which the community may be subject by virtue of release of defendant . . . the community's interest must yield to the protections afforded to defendant by the Constitution.").

4

1.    The Nature and Circumstances of the Offense Charged

The indictment in this case charges Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Notwithstanding the potential violent nature of this offense, the suppression of the firearm presents a significant change in circumstances for analysis under § 3142(g)(1). If the suppression order is upheld on appeal, the Government will be left with little evidence to convict Defendant of the charges in the indictment. Consequently, "the change in circumstances wrought by the granting of the motion to suppress raises a question about the continuing reliance on the nature of the charge itself." *Barner*, 743 F. Supp. 2d at 229 (quoting *United States v. Espinoza*, No. CRS08-0448, 2009 WL 3614849, at *2 (E.D. Cal. Oct. 27, 2009)).

The Government contends that it still has viable evidence of Defendant's criminal conduct, namely "the report by the identified 911 caller who observed defendant brandish a firearm." [ECF No. 43, ¶ 3]. However, the Government also concedes its "central evidence" has been suppressed. *Id.* The Government did not proffer any additional evidence at the hearing on the motion, and it admitted again that the suppression order weakened its case. This all presents substantial doubt as to the strength of the Government's case and the likelihood of success at trial. Because suppression of the firearm casts doubt on the continuing nature and vitality of the charge against Defendant, I find that this factor weighs against detention. To find otherwise would be contrary to the presumption of innocence accorded to Defendant.

2.    The Weight of the Evidence

Generally, the weight of the evidence is the least important factor because the consideration risks interfering with the presumption of innocence by instigating a pretrial determination of guilt. *Motamedi*, 767 F.2d at 1408 ("[T]he statute neither requires nor permits a pretrial determination that the person is guilty."). Yet, "when the admissibility of all evidence against defendants is

questionable, prolonged pretrial detention must be subjected to more careful scrutiny than might otherwise be required." *United States v. Cos*, 198 F. App'x. 727, 732 (10th Cir. 2006) (citation modified) (quoting *Shareef*, 907 F. Supp. at 1484–85). The Bail Reform Act is meant to have a particularly narrow focus, concerning those instances "in which the Government interests are overwhelming." *Salerno*, 481 U.S. at 750.

Section 3142(f) provides that "[t]he rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing." Therefore, I may consider suppressed evidence for a detention determination in assessing the weight of the evidence. Notwithstanding my ability to do so, this case presents a different issue. If the circumstances effectively call on the court to "impermissibly make[] a preliminary determination of guilt, the refusal to grant release could become in substance a matter of punishment" in contravention of the presumption of innocence. *Motamedi*, 767 F.2d at 1408.

Detention becomes punishment when it is used to detain a defendant where the government cannot make a proffer demonstrating a colorable argument for conviction. In other words, when the government does not have sufficient evidence to convict absent a successful appeal, this failure of evidence becomes a decisive factor because the government is merely left with an incipient charge—not a viable, weighty case. *See Salerno*, 481 U.S. at 750 (explaining "the individual's strong interest in liberty . . . may, in circumstances *where the government's interest is sufficiently weighty*, be subordinated.") (emphasis added).

The Government has appealed the suppression determination, and its case rests almost, if not, entirely upon a successful appeal. The Government itself has stated on the record that its "case has been tremendously weakened given the suppression." The only remaining evidence is a hearsay 9-1-1 call and record, and I already found at the suppression hearing that those pieces of

evidence were insufficient alone to constitute reasonable suspicion for the frisk of Defendant. It would defy logic to find that those pieces of evidence are now somehow sufficient to convict Defendant. In addition, it is illogical to consider the suppressed firearm at this point. Where suppressed evidence is unavailable absent reversal on appeal, then the government cannot credibly claim to have a strong case. I would not have granted the motion to suppress the firearm unless I thought the law required that result.

The issue under § 3142(g)(2) is both the quantity and quality of the Government's remaining evidence. Specifically, this is a scenario in which

> [t]he court must seek to avoid the likelihood that a defendant would be required to serve nearly as long a period of imprisonment through pretrial detention as he would if found guilty of the offense, when it appears to the court that the quantity and/or quality of the evidence is problematic.

*Shareef*, 907 F. Supp. at 1485. Notably, I do not believe the Government is acting in bad faith in this case. However, it would be a dangerous precedent to allow the government to violate a defendant's constitutional protections to obtain evidence and then use the appeal process to extend a defendant's pretrial detention—for a term approaching a criminal sentence—when the likelihood of conviction is weak. For these reasons, the weight of the evidence favors release.

### 3.    Defendant's History and Characteristics

 It is evident and undeniable that Defendant has an unsettling criminal history. The Government points to three past convictions where Defendant pled guilty to: (1) the felony offense of sale or delivery of cocaine in 2007, (2) the felony offenses of manslaughter and possession of a firearm by a convicted felon in 2009, and (3) domestic battery in 2022. These are all deeply troubling offenses.

Notwithstanding the nature of these offenses, there is a fine line between assessing a defendant's dangerous nature for the purposes of pretrial release under § 3142(g) and effectively

assuming guilt in the present case. Afterall, what purpose does pretrial detention serve if the government has little to no evidence to convict the defendant? The manifest result would be a lengthy deprivation of liberty based not on sound judicial process, but rather on a defendant's criminal history and speculation about his future dangerousness—whereby the prosecution controls the process, instead of the court. *See Barner*, 743 F. Supp. 2d at 231. Past convictions do often support that a defendant is dangerous, but that finding must also run in tandem with a recognition that a defendant has served their time for past wrongdoing. Past conduct cannot operate as a blanket justification for pretrial detention in a subsequent action where the government cannot independently show that it has a weighty case. In these scenarios, there will be some risk if a defendant is released. But criminal defendants have rights under the law that must not be disregarded.

The Government also points to three instances where Defendant failed to appear in court, asserting Defendant's appearance may be an issue if he is released. These facts indeed present a dilemma. However, when evidence against a defendant is weak, the risk of flight tends to decrease along with some of the attendant risk of danger. *Compare United States v. Zhang*, 55 F.4th 141, 151 (2d Cir. 2022) ("It stands to reason that the more strongly the evidence indicated that the defendant committed [the crime], the more likely he poses a danger . . . ."), *with Barner*, 743 F. Supp. 2d at 233 ("If there is little to no evidence against a person, they are less likely to pose a risk of nonappearance or to be a danger . . . .") (quoting *United States v. Rice*, No. 3:04CR-83-R, 2006 WL 1687749, at *2 (W.D. Ky. Jun. 19, 2006)). In addition, "the Bail Reform Act requires only reasonable assurance, *not* a guarantee, that the [release] conditions will prevent danger or flight." *Barner*, 743 F. Supp. 2d at 233 (citing *Tortora*, 922 F.2d at 884).

Because of Defendant's history, this factor weighs somewhat in favor of detention.

Conversely, there also appear to be some mitigating variables because Defendant was in his teens for his first two convictions. He further appears less likely to flee because he is anchored in Charleston with family and medical needs. Nevertheless, deficiencies in the Government's case, along with the availability of conditions that can be imposed upon release, act as a counterweight to findings under this factor that support detention.

### 4.    The Nature and Seriousness of Danger upon Release

The Bail Reform Act requires an assessment of the nature and seriousness of the danger a defendant could present upon release to the extent that it informs the likelihood of prohibited conduct prior to trial. *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). Again, the risk of danger decreases when the weight of the evidence against a defendant is slight. *Barner*, 743 F. Supp. 2d at 233. Still, there are serious concerns given Defendant's particular history.

Defendant's convictions have revolved around drugs, guns, and violence. Defendant certainly has a violent past. However, the provisions of the Bail Reform Act call for pretrial detention only when no condition or combination of conditions will reasonably assure safety. 18 U.S.C. § 3142(e). While Defendant's past conduct is concerning, there are conditions that can reasonably assure safety upon his release.

I find that appropriate release conditions include home confinement with monitoring and check-in procedures. Defendant is prohibited from possessing a firearm and must abstain from drug and alcohol use. Defendant must also submit to drug testing and avoid contact with the subject of his past domestic battery conviction. It appears the mother of Defendant's children, Natiazia Mayo, has agreed Defendant can live with her upon release. This seems to be a stable placement for Defendant until trial where he can also receive treatment and medication for serious injuries he sustained in 2024. For these reasons, the reasonable assurances generated by pretrial conditions

9

cut against this factor weighing in favor of detention.

## IV.    CONCLUSION

The Constitution is no technicality; it protects guilty and innocent alike, requiring proof, not fear. We all have commonsense reasons to fear those with violent histories, but to trade proof for fear is to abandon the presumption of innocence—and with it, the safeguards that protect us all. For these reasons, Defendant's Motion to Reopen Detention Hearing, [ECF No. 38], is **GRANTED**. I find that the Government has not proved by clear and convincing evidence that Defendant poses a danger for which release conditions cannot reasonably assure safety. I also find the Government has not proved that Defendant presents a flight risk by a preponderance of the evidence. I recognize the legitimate and compelling arguments presented by the parties, and my holding is based on a careful and critical assessment of the § 3142(g) factors and the statutory protections accorded to criminal defendants.

The Defendant is **ORDERED** released subject to an Order Setting Conditions of Release to be entered. The United States Marshal is **DIRECTED** to release the Defendant to the United States Probation Office in Charleston, WV, at **9:00 a.m., August 28, 2025,** for processing.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

The court further **DIRECTS** the Clerk to post a copy of this published opinion on the court's website, www.wvsd.uscourts.gov.

ENTER:    August 27, 2025

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE